UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| IDA CHRIS NOVAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:05-CV-101 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| | ) | |
| REGIONS MORTGAGE, | ) | |
| | ) | |
| Defendant. | ) | |

## **M E M O R A N D U M**

This action concerns Plaintiff Ida Chris Novak's ("Plaintiff") claims Defendant Regions Mortgage ("Defendant") improperly denied Plaintiff's request for benefits under Defendant's short term disability policy in violation of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"), constructively discharged her in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and wrongfully withheld commissions, accrued vacation and sick pay from her (Court File No. 1, Exh. A, Complaint). Defendant removed this action from Hamilton County, Tennessee Chancery Court to federal court on April 8, 2005 (Court File No. 1).

Currently pending before the Court is Defendant's motion for summary judgment on Plaintiff's ERISA claims only (Court File No. 14). Defendant also filed a memorandum in support of this motion (Court File 15); Plaintiff did not file a response but did indicate to the Court she did not contest the arguments set forth in Defendant's motion.

For the following reasons, the Court will **GRANT** Defendant's motion for summary

judgment on Plaintiff's ERISA claims (Court File No. 14). Plaintiff's remaining claims will proceed to trial as scheduled.

I.     **STANDARD OF REVIEW**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the burden is on the moving party to conclusively show no genuine issues of material fact exist, *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003), and the Court must view the evidence and draw all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). However, the nonmoving party is not entitled to a trial merely on the basis of allegations, but must come forward with some significant probative evidence to support its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Id.* at 323, 106 S. Ct. at 2552.

The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question, but does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003). The standard for summary judgment mirrors the standard for directed verdict. *Anderson*, 477 U.S. at

2

250, 106 S. Ct. at 2511. The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52, 106 S. Ct. at 2512. There must be some probative evidence from which the jury could reasonably find for the nonmoving party. If the Court concludes a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Id.*; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

**II.     RELEVANT FACTS**

As the outcome of Defendant's motion for summary judgment rests on legal rather than factual grounds, the Court will state the relevant facts only briefly. Plaintiff was employed by Regions Bank as a mortgage loan officer for some time, then was transferred and became employed by Defendant in or around January 2003. Plaintiff had participated in Regions Bank's short- and long-term disability plans, and became a participant in Defendant's plans when she began her employment with Defendant (Court File No. 1, Exh. A, Complaint ¶¶ 7-9). Plaintiff alleges she became disabled with a serious medical condition in February 2004 and was unable to continue her job duties; Plaintiff states she requested short-term disability benefits under Defendant's policy in February or March 2004 (*id*. ¶¶ 12-13). Plaintiff initially was awarded benefits, but at some point, Plaintiff was denied benefits (*id*. ¶ 13). Plaintiff alleges in her Complaint "Defendant [] is guilty of violations of ERISA, 29 U.S.C. § 1001 *et seq*." and states her damages include lost "insurance benefits" (*id*. ¶¶ 21, 22).

## III. DISCUSSION

"Unless an employer is shown to control administration of a plan, it is not a proper party defendant in an action concerning benefits." *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir.), cert. denied, 488 U.S. 826, 102 L. Ed. 2d 52, 109 S. Ct. 76 (1988). However, a plaintiff bringing an action to recover benefits under the terms of an employee benefit plan may sue the plan as an entity. 29 U.S.C. § 1132(d)(1). In an action alleging breach of fiduciary duty, the proper defendant is the fiduciary, defined as one who

> exercises any discretionary authority or discretionary control respecting management of [a] plan or exercises any authority or control respecting management or disposition of its assets . . . renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or . . . has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

Defendant argues it is the incorrect party against whom Plaintiff should bring any ERISA claims because it was not an administrator of the short-term benefits plan ("Plan") Plaintiff claims wrongly denied her benefits and was not a fiduciary as defined by the statute. Defendant contends the sponsor of the Plan is Regions Financial Corporation; services through the Plan are provided by Liberty Life Assurance Company of Boston ("Liberty"). Defendant states it is merely a policy holder that had no authority to control or manage the Plan and did not participate in any way in the review of the denial of Plaintiff's short-term benefits (Court File No. 15). Defendant further states Liberty, rather than Defendant, actually reviewed Plaintiff's claim and denied the benefits at issue in her ERISA claims, therefore Defendant neither controlled administration of the Plan nor acted as a fiduciary under the statutory definition. Plaintiff did not file any responsive brief arguing Defendant is in fact the proper party for either type of ERISA claim.

4

Defendant is correct; the Plan administrator, rather than Defendant, the employer, is the correct party against whom Plaintiff should have brought her denial of benefits claims under ERISA. *Daniel*, 839 F.2d at 266. Defendant also is correct in its argument it is not the proper party against whom Plaintiff should have brought any ERISA breach of fiduciary duty claims because it is not a "fiduciary" under ERISA. 29 U.S.C. § 1002(21)(A). Therefore, the Court finds "there is no genuine issue as to any material fact and [Defendant] is entitled to a judgment as a matter of law," Fed. R. Civ. P. 56(c). The Court will **GRANT** Defendant's motion for summary judgment and will **DISMISS** Plaintiff's ERISA claims.

## IV. CONCLUSION

For the reasons stated above, the Court will **GRANT** Defendant's motion for summary judgment and will **DISMISS** Plaintiff's ERISA claims (Court File No. 14). Plaintiff's remaining claims will proceed to trial as scheduled.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**